UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9372 PA (PLAx) | Date | April 15, 2016 |
|---|---|---|---|
| Title | VBConversions, LLC v. BlueSwitch, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS

Before the Court is a Motion to Dismiss Counterclaims filed by plaintiff and counter-defendant VBConversions, LLC ("VBC") and counter-defendant David Crook ("Crook") (collectively "Counter-Defendants"). (Docket No. 50.) Defendant and counter-claimant BlueSwitch.com, Inc. ("BlueSwitch" or "Counter-Claimant") filed an Opposition, to which Counter-Defendants filed a Reply.[1/] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for April 18, 2016, is vacated, and the matter taken off calendar.

**I.    Background**

Crook is a software developer and the "managing member" of VBC. (Counterclaims ¶ 5.) VBC is a software company offering a copyrighted program for converting Visual Basic programming to C# programming. (Second Amended Complaint ("SAC") ¶ 8.) According to VBC, a limited trial version of the program is "offered for 15 days," which users may use to convert "up to 2,000 lines" of code. (Id.) These conditions are defined in an End User License Agreement ("EULA"). (Id.) VBC alleges that if users do not purchase a license and obtain a registration key, the trial version will "automatically disable" after 15 days. (Id.) BlueSwitch denies that the program is automatically disabled when the trial period expires. (See Answer to SAC ¶ 8.) Instead, BlueSwitch alleges that VBC "surreptitiously tracks the users testing its software," waits until they unwittingly exceed the limits defined in the EULA, and then demands settlements for alleged copyright infringement. (Opposition at 2.)

Defendants Mark Nakach ("Nakach") and Joe Shomer ("Shomer") are employees of BlueSwitch. (SAC ¶¶ 5-6.) Shomer is Nakach's supervisor. (Id.) Nakach downloaded VBC's program and affirmed

---

[1/]    BlueSwitch also filed an Objection and "Motion" to Strike Counter-Defendants' Reply Evidence. (Docket No. 66.) Counter-Defendants filed an Opposition. (Docket No. 67.) BlueSwitch moves to strike Crook's "Reply Brief Declaration" and portions of the Reply that rely upon Crook's declaration because these present "new evidence to which Blue Switch has had no opportunity to respond." Because the Court's order does not rely upon the disputed evidence, the Court declines to rule on BlueSwitch's Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9372 PA (PLAx) | Date | April 15, 2016 |
|---|---|---|---|
| Title | VBConversions, LLC v. BlueSwitch, LLC, et al. | | |

the EULA in November 2015. (Id. ¶ 19.) Over the next month, Nakach, working from a computer on BlueSwitch's network, allegedly violated the EULA by using the trial version of VBC's program for longer than 15 days and by converting well over 2,000 lines of code. (Id. ¶¶ 20-30.) VBC initiated this action on December 3, 2015, alleging (1) copyright infringement, (2) contributory copyright infringement, (3) vicarious copyright infringement, (4) violation of the Digital Millennium Copyright Act ("DMCA"), and (5) requesting injunctive relief. (Docket No. 1.) VBC filed the SAC, adding a claim for violation of California's Comprehensive Data Access & Fraud Act ("CDAFA"), on February 5, 2016. (Docket No. 23.) On March 18, 2016, the Court granted an unopposed motion to dismiss the CDAFA claim. (Docket No. 58.)

BlueSwitch argues that Counter-Defendants are "engaged in a variation of a bait-and-switch scheme in which they lure companies to use their defective software with false advertising and then sue them for copyright infringement." (Counterclaims ¶ 6.) BlueSwitch alleges, among other things, that Counter-Defendants' website misrepresents their software's capacity to perform certain tasks and to perform others without errors. (Id. ¶¶ 8-10.) BlueSwitch claims that it spent $2,100 on labor to correct errors caused by Counter-Defendant's software not working as advertised. Blueswitch filed its counterclaims on February 17, 2016, alleging (1) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq.; (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; and (3) fraudulent inducement. Counter-Defendants now move to dismiss the counterclaims.

**II.    Legal Standards**

    **A.    Rule 12(b)(1)**

Article III of the United States Constitution requires that a litigant have standing to invoke the power of a federal court. Because Article III's standing requirements limit subject matter jurisdiction, a plaintiff's standing to pursue a claim is properly challenged by a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss. See Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1121-22 (9th Cir. 2010). For the purpose of ruling on a motion to dismiss for lack of standing, the Court must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party. Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011).

Rule 12(b)(1) jurisdictional attacks can be either facial or factual. In a facial attack, the allegations are presumed true and the "challenger asserts that the[y] are insufficient on their face to invoke federal jurisdiction." Safe Air For Everyone v. Meyer, 373 F. 3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Courts should refrain from resolving factual issues where "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983); see also Safe Air, 373 F. 3d at 1039; Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F. 3d 1090, 1094 (9th Cir. 2008) ("As a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9372 PA (PLAx) | Date | April 15, 2016 |
|---|---|---|---|
| Title | VBConversions, LLC v. BlueSwitch, LLC, et al. | | |

general rule, when 'the question of jurisdiction and the merits of the action are intertwined,' dismissal for lack of subject matter jurisdiction is improper.").

The Supreme Court has held that to have standing under the Constitution, a party must show it has suffered an "injury in fact," that there is a "causal connection between the injury" and the defendant's complained-of conduct, and that it is likely "that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136-37, 119 L. Ed. 2d 351 (1992). To demonstrate an "injury in fact," a plaintiff must establish an "invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not "conjectural" or 'hypothetical.'" Lujan, 504 U.S. at 560, 112 S. Ct. at 2136 (citations omitted). To meet this test, the "line of causation" between the alleged conduct and injury must not be too attenuated, and the prospect of obtaining relief from the injury must not be "too speculative." Maya, 658 F.3d at 1070.

**B.     Rule 12(b)(6)**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9372 PA (PLAx) | Date | April 15, 2016 |
|---|---|---|---|
| Title | VBConversions, LLC v. BlueSwitch, LLC, et al. | | |

When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 664 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

**III.     Analysis**

Counter-Defendants' disjointed Motion raises six general arguments: (1) that BlueSwitch lacks Article III standing; (2) that BlueSwitch lacks standing to assert claims under the UCL and FAL; (3) that BlueSwitch has failed to state a claim under the UCL because it has not alleged unfair competition; (4) that BlueSwitch's UCL claim is preempted by the Copyright Act; (5) that BlueSwitch is not entitled to injunctive relief; and (6) that BlueSwitch has failed to state a claim for fraudulent inducement because it has not alleged damages.

**A.     Article III Standing**

Counter-Defendants argue that BlueSwitch's "alleged losses due to what they claim are imperfections in a stolen product do not convey standing." (Motion at 10.) Counter-Defendants reason that because BlueSwitch did not buy a registration key to use VBC's program after the trial period expired, BlueSwitch "did not lose money or property or suffer injury in fact." (Id. at 12.) The proposition that BlueSwitch, Nakach, or Shomer "stole" Counter-Defendant's program is, of course, not yet proven. The Court will not decide this substantive issue on a motion to dismiss for lack of subject matter jurisdiction. See Williston Basin, 524 F. 3d at 1094 ("As a general rule, when 'the question of jurisdiction and the merits of the action are intertwined,' dismissal for lack of subject matter jurisdiction is improper.").

Even if the Court were to conclude that BlueSwitch used VBC's program beyond the scope permitted by the EULA, this would not preclude claims based on BlueSwitch's use of the program within the trial period. BlueSwitch alleges that it spent $2,100 addressing issues caused by the failure of VBC's program to perform as advertised. This is a sufficient showing of injury in fact. See, e.g., Ashgari v. Volkswagen Grp. of America, Inc., 42 F. Supp. 3d 1306, 1331 (C.D. Cal. 2013) (injury in fact based, in part, on repair costs and money spent on diagnostic testing). Counter-Defendant's conclusory response that "[t]his case is about infringement and infringers complaining about the product they stole" is not persuasive. (Reply at 7-8.)

**B.     UCL & FAL Standing**

**1.     BlueSwitch has standing to assert its UCL claim**

The test for standing under Article III is not identical to that under the UCL. UCL standing is more difficult to satisfy as it requires injury in fact in the form of lost money or property. See Cal. Bus. & Prof. Code § 17204 (action may be brought by "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition"); Pirozzi v. Apple, Inc., 966 F. Supp. 2d 909,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9372 PA (PLAx) | Date | April 15, 2016 |
|---|---|---|---|
| Title | VBConversions, LLC v. BlueSwitch, LLC, et al. | | |

919 (N.D. Cal. 2013) ("California courts have distinguished the UCL standing requirement as more stringent than the federal Article III standing requirement, noting that '[w]hereas a federal plaintiff's injury in fact may be intangible and need not involve lost money or property, Proposition 64, in effect, added a requirement that a UCL plaintiff's injury in fact specifically involves lost money or property.'") (quoting Troyk v. Farmers Grp., Inc., 171 Cal.App.4th 1305, 1348, n. 31, 90 Cal. Rptr. 3d 589 (2009)). As discussed above, BlueSwitch has alleged that it lost money as a result of Counter-Defendant's conduct.

Counter-Defendants seem to suggest a stricter rule requiring that the alleged loss take the form of funds paid by a plaintiff to purchase a product from a defendant. However, the authorities cited by Counter-Defendants do not support this. In fact, there is authority specifically opposed to this rule. See, e.g., Witriol v. LexisNexis Group, No. C05-02392 MJJ, 2006 WL 4725713, at *6 (N.D. Cal. Feb. 10, 2006) (UCL standing based on costs associated with monitoring and repairing credit following unauthorized release of personal information).[2] The costs incurred by BlueSwitch in addressing coding errors allegedly caused by Counter-Defendants' program are sufficient to establish standing under the UCL.[3]

### 2. BlueSwitch has standing to assert its FAL claim

The test for standing under California's FAL is the same as that under the UCL. See Cal. Bus. & Prof. Code § 17535 (action may be brought by "by any person who has suffered injury in fact and has lost money or property as a result of a violation of this chapter"); Morgan v. AT&T Wireless Servs., Inc., 177 Cal. App. 4th 1235, 1259, 99 Cal. Rptr. 3d 768, 788 (Cal. App. 2009) ("Proposition 64 made identical changes to the standing requirements to bring an action under the FAL as it made to the requirements under the UCL."). Accordingly, BlueSwitch has standing under the FAL for the same reasons that it has standing under the UCL.

### C. "Unfair Competition" Under the UCL

The UCL defines "unfair competition" to include "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1

---

[2] While the Court has identified cases suggesting that UCL standing requires a loss of a kind that can be remedied by restitution, see, e.g., Ruiz v. Gap, Inc., No. 07–5739 SC, 2009 WL 250481, at *4 (N.D. Cal. Feb. 3, 2009), this reasoning is not persuasive. The fact that restitution is the only monetary relief available under the UCL does not imply that the loss required for standing must be amenable to restitution. After all, injunctive relief is also available.

[3] Counter-Defendants also argue, more generally, that because relief under the UCL is limited to equitable remedies, BlueSwitch cannot recover as a "wrongdoer." As discussed above, BlueSwitch's status as a "wrongdoer" is yet to be established.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9372 PA (PLAx) | Date | April 15, 2016 |
|---|---|---|---|
| Title | VBConversions, LLC v. BlueSwitch, LLC, et al. | | |

(commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Cal. Bus. & Prof. Code 17200. BlueSwitch alleges that Counter-Defendants' conduct constitutes (1) fraud, (2) a violation of the FAL, (3) statutory deceit under Cal. Civ. Code § 1710, and (4) "bait advertising" under 16 C.F.R. § 238. (Counterclaims ¶ 40.) Counter-Defendants argue that BlueSwitch has not properly alleged fraud or statutory deceit because these require damages and a "thief" has no damages. As discussed above, this argument is premature at best. Moreover, Counter-Defendants are mistaken about the standard to satisfy the "fraudulent" prong of the UCL: "A fraudulent practice under the UCL 'require[s] only a showing that members of the public are likely to be deceived' and 'can be shown even without allegations of actual deception, reasonable reliance and damage.'" West v. JPMorgan Chase Bank, N.A., 214 Cal. App. 4th 780, 806, 154 Cal. Rptr. 286, 305 (Cal. App. 2013) (quoting Daugherty v. American Honda Motor Co., Inc., 144 Cal. App. 4th 824, 838, 51 Cal. Rptr. 3d 118, 128 (Cal. App. 2006)). Here, BlueSwitch has alleged specific misrepresentations regarding the performance of VBC's conversion program that are likely to deceive members of the public. Because the "fraudulent" prong is satisfied, the Court need not address Counter-Defendants' arguments against the alternative bases for BlueSwitch's UCL claim.

### D.      Copyright Act Preemption

Counter-Defendants offer a convoluted argument that BlueSwitch's UCL claim is a "disguised" claim for "interference with prospective advantage" and, as such, is preempted by the Copyright Act. Counter-Defendants argue that because the alleged coding errors caused by their conversion program interfered with BlueSwitch's ability to convert or "reproduce" its own software, BlueSwitch "is actually asserting rights protected by the Copyright Act." (Motion at 19.) This is a gross mischaracterization of BlueSwitch's UCL claim. BlueSwitch's fundamental concern is not that VBC's program does not work, but that it does not work as advertised. "A number of courts have held that claims that involve the element of misrepresentation or deception—including false advertising—are not equivalent to any exclusive right protected by the Copyright Act, and therefore are not preempted." Silicon Image, Inc. v. Analogix Semiconductor, Inc., No. C-07-0635 JCS, 2007 WL 1455903, at *7 (N.D. Cal. May 16, 2007) (collecting cases).

### E.      Injunctive Relief

Inexplicably, Counter-Defendants argue that BlueSwitch has "not discussed" and does not satisfy "[t]he factors considered in determining whether to grant a preliminary injunction." (Motion at 13.) BlueSwitch has not requested a preliminary injunction, so its failure to discuss these factors is not surprising.

If Counter-Defendants' argument is that injunctive relief is not available in this matter, they are mistaken. Injunctive relief is available under both the UCL and the FAL. See Cal. Bus. & Prof. Code §§ 17204, 17535. BlueSwitch has adequately pleaded both elements of its UCL claim—unfair competition and standing—for the reasons discussed above. BlueSwitch has adequately pleaded the elements of an FAL claim by alleging that Counter-Defendants knowingly made false representations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9372 PA (PLAx) | Date | April 15, 2016 |
|---|---|---|---|
| Title | VBConversions, LLC v. BlueSwitch, LLC, et al. | | |

regarding the performance of VBC's conversion program that were likely to mislead the public. See Momento, Inc. v. Seccion Amarilla USA, No. C 09–1223 SBA, 2009 WL 1974798, at *3 (N.D. Cal. July 8, 2009) (noting that the "three elements" of an FAL claim are "(1) an untrue or misleading statement; (2) that is known to be untrue or misleading; and (3) the likelihood that members of the public are deceived").

### F. Fraudulent Inducement

Finally, Counter-Defendants argue that "because the software was stolen, not legitimately purchased," BlueSwitch was not damaged and cannot state a claim for fraudulent inducement. "The elements of a claim for fraudulent inducement consist of '(a) a misrepresentation [ ]; (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage." Archette Wellness Group, Inc. v. Seychelle Env. Tech., Inc., No. SACV 14–940 DOC (DFMx), 2014 WL 4181452, at *2 (C.D. Cal. Aug. 19, 2015) (quoting Hinesley v. Oakshade Town Ctr., 135 Cal. App. 4th 289, 294, 37 Cal. Rptr. 3d 364, 367 (Cal. App. 2005)). BlueSwitch has alleged all of these elements. For the reasons discussed above, it has not been established that BlueSwitch "stole" the software. BlueSwitch has alleged damages arising, at least in part, from its permitted use of the trial version of VBC's conversion program.

### CONCLUSION

For all of the foregoing reasons, the Court denies Counter-Defendants' Motion to Dismiss Counterclaims.

IT IS SO ORDERED.